## A. S. E. SARLLS V. STATE.

No. 24483. November 16, 1949.
Rehearing Denied January 4, 1950.
On Application For Leave To File Second Motion For
Rehearing May 24, 1950.

*Duncan & Duncan,* by B. Duncan Davis, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is theft of corporeal personal property over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a term of two years.

The indictment in this case charges one A. S. E. Sarlls with the above offense while all through the record the name of appellant is given as A. E. Sarlls.

The transcript in this case is defective in several respects, in this, that it contains no judgment, sentence, or notice of appeal; in the absence of which, this court has not acquired jurisdiction of the case. See Art. 841, Vernon's Ann C.C.P., and cases thereunder cited.

Therefore, the purported appeal in this case will be dismissed and it is so ordered.

Opinion approved by the court.

BEAUCHAMP, Judge.

The motion for rehearing in this cause asks that the appeal be reinstated on the claim that the record has been perfected.

We find that there has been filed a paper which is apparently a copy of the jury's verdict, with the filing date, and also a copy of the entries on the judge's trial docket. The district clerk has signed a statement, which is not a certificate, saying that it "is a full and complete record of this supplemental transcript, and other than the docket entries as shown above there is no judgment and no sentence of record in said cause."

If that statement be correct there is no final judgment and certainly no right of appeal.

The motion for rehearing is overruled.

ON APPLICATION FOR LEAVE TO FILE SECOND MOTION
FOR REHEARING.

GRAVES, Judge.

This is an endeavor to file a second motion for a rehearing based upon a nunc pro tunc judgment correcting a deficient record as shown upon the original hearing of this cause in this court. A supplemental transcript filed prior to the motion for a rehearing failed to contain such orders.

Upon the nunc pro tunc hearing, such orders were made to speak the truth. We see no notice of appeal present relative to such pro tunc proceedings, nor does there appear any notice of appeal in any of the transcripts. Without such notice, we have no jurisdiction herein.

Therefore, leave to file any further motion for a rehearing is denied.